**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-7676**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

GREGORY D. ANDERSON,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:10-cr-00260-MOC-DSC-1; 3:17-cv-00236-MOC)

Submitted:  April 14, 2020                            Decided:  April 17, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

Gregory D. Anderson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory D. Anderson appeals the district court's order denying his motion for recusal and his Fed. R. Civ. P. 60(b) motion for relief from the district court's prior order denying relief on his 28 U.S.C. § 2255 (2018) motion.[*] First addressing the motion for recusal, we have reviewed the record and find no reversible error. Accordingly, we affirm this portion of the district court's order for the reasons stated by the district court. *Anderson v. United States*, Nos. 3:17-cv-00236-MOC; 3:10-cr-00260-MOC-DSC-1 (W.D.N.C. Oct. 8, 2019).

Turning to the portion of the district court's order denying Anderson's Rule 60 motion, this portion of the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2018). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the

---

[*] The district court also denied Anderson's motion for discovery. On appeal, we confine our review to the issues raised in the informal brief. *See* 4th Cir. R. 34(b). Because Anderson's informal brief does not challenge this portion of the district court's order, he has forfeited appellate review of this portion of the order. *See Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Anderson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*